U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 23 2015
CLERK, U.S. DISTRICT COURT
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARWETT WATKINS, §
§
Movant, §
§
VS. § NO. 4:15-CV-444-A
§ (NO. 4:13-CR-080-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion filed by movant, Garwett Watkins, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, the government's response thereto, movant's reply, pertinent parts of the record in Criminal Case No. 4:13-CR-080-A, and relevant legal authorities, the court has concluded that such motion should be denied.

I.

Background

On June 27, 2013, movant pleaded guilty to the offense of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (2 U.S.C. §§ 841(a)(1) & (b)(1)(B)). He was sentenced on November 22, 2013, to a term

of imprisonment of 264 months, to be followed by a term of supervised release of four years.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed his sentence by opinion and judgment issued July 15, 2014. United States v. Watkins, 575 F. App'x 343 (5th Cir. 2014). He filed his § 2255 motion on June 15, 2015. The government responded on July 6, 2015, to which movant replied on July 21, 2015.

II.

The Grounds of Movant's § 2255 Motion

Movant alleged three grounds for relief in his motion which, as stated in the motion, along with the supporting facts stated in the motion, were as follows:

A. Ground One: Ineffective Assistance of Counsel

> Supporting facts: Counsel was ineffective in failing to file a motion to suppress evidence

Doc. 3 at 5.[1]

B. Ground Two: Ineffective Assistance of Counsel

> Supporting facts: Counsel's failure to move to suppress the unlawfully seized firearm resulted in a two-level enhancement

Id. at 6.

---

[1]The "Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in this Case No. 4:15-CV-444-A. The "Case No. 4:13-CR-080-A, Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in Case No. 4:13-CR-080-A.

C. Ground Three: Ineffective Assistance of Counsel

> Supporting facts: As a result of Counsel's ineffectiveness in failing to suppress the firearm, the Federal Government was able to invoke jurisdiction

Id. at 7.

In the memorandum movant filed in support of his motion, he elaborated on his Ground One with the additional complaints:

> (i) The Warrantless Search of the Petitioner's Vehicle was Unlawful, Counsel was Ineffective in Failing to File a Motion to Suppress Evidence Seized as a Result of the Unlawful Search

Doc. 4 at 8.

In what appears to be an elaboration on his Ground Two, movant asserted in his memorandum that:

> (ii) As a Result of Counsel's Failure to Move the Court to Suppress the Unlawfully Seized Firearm, the Petitioner's Sentence was Increased by Two (2) Levels

Id. at 11.

And, in what appears to be an elaboration on movant's Ground Three, movant stated in his memorandum that:

> 2. As a Result of Counsel's Failure to Move the Court to Suppress the Unlawful Seizure of the Firearm, the Federal Government Was Able to Invoke Jurisdiction.

Id. at 12.

Movant seemed to add a fourth ground in his memorandum, which he states as follows:

> 3. Counsel Was Ineffective in Failing to Argue that the Unlawful Search and Seizure of His Vehicle Triggered the Fruit of the Poisonous Tree Doctrine

Id. at 17.

Summed up, all of movant's grounds focused on the finding of a gun, which led to a two-level increase in his offense level, in the search of his vehicle. He complains that his attorney was ineffective for failing to file a motion to suppress the gun evidence, and that if his attorney had successfully filed such a motion, he would not have had a two-level increase in his offense level and there would not have been federal court jurisdiction over the conduct for which he was sentenced.

## III.

## Analysis

### A. Pertinent Legal Principles

#### 1. Principles Applicable to a 2255 Motion

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

2. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States

v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

B. The Grounds of the Motion Are Without Merit

The court is satisfied for the reasons given in the government's response to movant's § 2255 motion that if the search of his vehicle, and use of the gun found as a result of that search as evidence, had been questioned by a motion to suppress filed on behalf of movant before he pleaded guilty, the motion would have been denied as meritless. Doc. 12 at 12-14.

Even if that were not so, movant would be severely constrained, after he entered, as he did, a voluntary and unconditional plea of guilty, in raising in this collateral

proceeding a complaint about the search of his vehicle. As the Fifth Circuit explained in United States v. Wise:

> A voluntary and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings. That waiver includes, in this case, Wise's objection to the legality of the search of his apartment.

179 F.3d 184, 186 (5th Cir. 1999)(citations omitted). And, in United States v. Smallwood, the Fifth Circuit explained:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

920 F.2d 1231, 1240 (5th Cir. 1991)(internal quotation marks omitted). See also Busby v. Holman, 356 F.2d 75, 77-79 (5th Cir. 1966).

The Supreme Court said in McMann v. Richardson that:

> Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

397 U.S. 759, 770 (1970). In McMann, the Supreme Court made clear that in a collateral proceeding such as this, the movant must not only establish that he would not have pleaded guilty if his attorney had been more diligent, he must "allege and prove serious derelictions on the part of counsel sufficient to show

that his plea was not, after all, a knowing and intelligent act." Id. at 774 (emphasis added).

Movant has provided nothing but conclusory allegations directed against his attorney's conduct in not seeking a suppression of the gun found during the search of movant's vehicle. Movant provided no proof of serious derelictions on the part of his counsel sufficient to show that movant's plea was not a knowing and intelligent act.

Moreover, the record discloses that movant made no complaint whatsoever with the conduct of his attorney when he entered his plea of guilty, having at that time informed the court, while testifying under oath, that he was satisfied with his lawyer, and that he did not have any complaint with anything the lawyer had done or failed to do while representing movant. Case No. 4:13-CR-080-A, Doc. 190 at 83. There is no suggestion in anything presented by movant that his attorney was guilty of any dereliction, much less a serious one, that caused movant to enter his plea of guilty.

For the reasons stated, all grounds of movant's § 2255 motion lack merit.

C. Subsidiary Motions Filed by Movant

Movant filed along with his § 2255 motion documents titled "Motion for Discoverable Material Pursuant to Rule 6 of the Rules

Governing § 2255," "Motion for Leave to Amend or Otherwise File a Supplemental to the Petitioner's Motion Pursuant to § 2255," and "Motion for an Evidentiary Hearing Pursuant to Petitioner's Motion Under § 2255," respectively. The court has concluded that movant is not entitled to a hearing on his § 2255 motion. Merely pleading a claim of ineffective assistance of counsel, in a conclusory way, is not sufficient to cause movant to be entitled to a hearing. See McMann, 397 U.S. at 771. Similarly, movant has not alleged any facts that would justify an order permitting him to have discovery in connection with this § 2255 proceeding. Therefore, all of the June 15, 2015 motions referenced in this paragraph are hereby denied.

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, be, and is hereby, denied.

* * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 23, 2015.

JOHN McBRYDE
United States District Judge